**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**DENVER DIVISION**

IN RE:

Vance Acevedo,

Debtor.

Case Number: 25-14488-KHT

Chapter 11

Judge Kimberley H. Tyson

OBJECTION TO CONFIRMATION

HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-HE4, Asset Backed Pass-Through Certificates ("Creditor"), by and through their undersigned counsel, hereby objects to the Debtor's first Amended Chapter 11 Plan, and as grounds therefore states as follows:

1. Creditor holds a secured interest in the real estate located at 869 E 20th Street Rd, Greeley, CO 80631.

2. On October 6, 2025, Creditor filed its Proof of Claim 24-1 indicating a total claim amount of $86,928.94, with a pre-petition arrearage amount of $2,601.72.

3. The Debtor's pre-petition arrearage has not been cured, and the Debtor remains in arrears post-petition. The Plan provides no remedy for Creditor in the event the Debtor fails to cure all arrears prior to confirmation.

4. The Plan is vague and ambiguous and calls for a speculative sale of the Property. The Plan fails to identify a potential buyer, or a definite deadline by which a sale is to take place. Further, the Plan fails to include provisions for maintaining the regular monthly mortgage payment pending any sale. The Plan also fails to provide an identifiable remedy in the event the Debtor fails to maintain regular payments pending any sale, or if a timely sale fails to occur.

5. Generally, Courts have refused to confirm plans whose feasibility turns on future sales of properties, or refinancing, absent an adequate showing that such a sale or refinance would be likely to occur. *In re Las Vegas Monorail Co.,* 462 B.R. 795, 800-01 (Bankr. D. Nev. 2011) (citing to In re Vanderveer Estates Holding, LLC, 293 B.R. 560 (Bankr. E.D.N.Y. 2003); Crestar Bank v. Walker (In re Walker), 165 B.R. 994, 1005 (E.D. Va. 1994); In re Hoffman, 52 B.R. 212, 215 (Bankr.D.N.D. 1985)). A bare proposal to pay upon the sale of property does not necessarily satisfy the feasibility requirement of § 1129(a)(11) as a matter of law. In re Bassett, 413 B.R. 778, 788 (Bankr. D. Mont. 2009) (citing In re Hungerford, 19 Mont. B.R. 103, 111, 2001 WL 36211305 (Bankr. D Mont. 2001).

WHEREFORE, Creditor requests that the Court deny confirmation in the above-captioned matter.

Dated: 10/21/2026

Respectfully Submitted,

*/s/Jon Lieberman*

Jon Lieberman
Colorado BAR NO. 0058394
Attorney for Creditor
McCalla Raymer Leibert Pierce, LLP
1544 Old Alabama Road
Roswell, GA 30076
513-538-2252

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Objection to Confirmation of Debtor's Chapter 11 Plan was placed in the U.S. Mail, postage prepaid, on October 21, 2026 addressed as follows:

Vance Acevedo, Pro Se
5179 Weaver Dr.
Colorado Springs, CO 80922

U.S. Trustee *(served via ECF Notification)*
US Trustee
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294

Respectfully Submitted,

*/s/Jon Lieberman*

Jon Lieberman
Colorado BAR NO. 0058394
Attorney for Creditor
McCalla Raymer Leibert Pierce, LLP
1544 Old Alabama Road
Roswell, GA 30076
513-538-2252